**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 23-81314-CIV-CANNON/Reinhart**

**JOHN STEWART**
*on behalf of the NextEra*
*Energy, Inc. Employee Retirement Savings*
*Plan, individually and as a representative*
*of a class of participants and beneficiaries*,

  Plaintiff,

v.

**NEXTERA ENERGY, INC.**,

  Defendant.

_____/

**ORDER GRANTING MOTION, PRELIMINARILY APPROVING CLASS**
**SETTLEMENT, SETTING DEADLINES, AND SCHEDULING FINAL HEARING**

**THIS MATTER** comes before the Court upon Plaintiff's Unopposed Motion for

Preliminary Approval of Class Action Settlement Agreement (the "Motion") [ECF No. 84].  The

parties, Plaintiff John Stewart and Defendant NextEra Energy, Inc., through their respective

counsel, and subject to the Court's approval, have agreed to resolve this lawsuit via a class action

settlement.  The parties seek to resolve this lawsuit (the "Lawsuit") on the terms and conditions

set forth in the Settlement Agreement [ECF No. 84-3], which has been filed with the Court.  Upon

review of the Motion and the full record, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion [ECF No. 84] is **GRANTED** in accordance with the following.

2. Based on the Settlement Agreement and all the files, records, and proceedings in this case,

  the Court preliminarily finds that the proposed settlement is fair, reasonable, and adequate,

  and that a Final Approval Hearing should and will be held on **September 18, 2026,**

  following notice to the Settlement Class, to confirm that the proposed settlement is fair,

reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit.

3.  Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(1), this Court hereby conditionally certifies the following mandatory settlement class (the "Settlement Class"):

> [A]ll persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period  [ECF No. 84-3 § 1.46].

> "Plan" means the NextEra Energy, Inc. Employee Retirement Savings Plan and each of its sub-plans, predecessor plans and/or successor plans, individually and collectively, and any trust created and attendant to all such plans [ECF No. 84-3 § 1.32].

> "Class Period" means the period from September 25, 2017, through the date of the Preliminary Approval Order [ECF No. 84-3 § 1.13].

The effective period for this class is September 25, 2017, through the date of this Order [ECF No. 84 p. 6; ECF No. 84-3 § 1.13].

4.  Pursuant to Federal Rule of Civil Procedure 23, the Court appoints Plaintiff John Stewart as the Named Class Representative.  The Court appoints Michael C. McKay, Brandon J. Hill, and Marc R. Edelman as Settlement Class Counsel under Federal Rule of Civil Procedure 23(g)(1) [ECF No. 84 pp. 9–10; ECF No. 84-1 § 1.11; *see also* ECF Nos. 84-2, 84-4, 84-5].

5.  The Court preliminarily finds that, for purposes of settlement only, the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23(a) and (b)(1), namely:

2

a) The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

b) There are questions of law and fact common to the Settlement Class;

c) The Plaintiffs' claims are typical of the claims of the Settlement Class;

d) The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

e) The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

6. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, which was reached as a result of Court-ordered mediation [ECF Nos. 80–82], is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class, especially in light of the following factors:

a) The benefits to the Settlement Class;

b) The strengths and weaknesses of Plaintiff's case;

c) The anticipated complexity, duration, and expense of additional lawsuit;

d) The risk and delay inherent in possible appeals; and

e) The opinion of Class Counsel, who are experienced in this area of class action lawsuit.

7. The form, content, and procedures of notice to the Settlement Class, as set forth in the Settlement Agreement and in the proposed Notice of Class Action Settlement Agreement ("Class Notice"), which have been filed with the Court in support of the present Motion

[ECF No. 84-3 pp. 31–41], shall be modified to conform with this Order, and subject to such modification, are approved.

8. The Court finds that the Notice Program set forth in the Settlement Agreement—distributing the Class Notice by first-class mail directly to the Settlement Class Members [ECF No. 84-3 §§ 2.2.4, 2.4]—is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e) of the Federal Rules of Civil Procedure.

9. On or before **April 7, 2026**, Class Counsel shall (a) provide notice of the proposed Settlement Agreement and the Settlement Fairness Hearing to all Settlement Class Members by mailing to each identified Settlement Class Member via first-class mail a copy of the Class Notice, as modified and approved by this Order, see *supra* at paragraph 7 [ECF No. 84-3 pp. 31–41]; and (b) Class Counsel shall establish a website that interested parties can access to obtain information about this Lawsuit and the proposed Settlement Agreement [*see* ECF No. 84-3 §§ 1.49, 13.2], including but not limited to copies of the Settlement Agreement and other exhibits (which include among other exhibits the Complaint, Class Notice, and the proposed Final Judgment and Order) and a copy of this Preliminary Approval Order.  That website shall remain accessible until the Settlement Agreement is terminated or six (6) months following the Effective Date, whichever is sooner, at which time Class Counsel shall cease hosting the website.

10. As set forth in the Settlement Agreement, costs and expenses for Administration of Settlement shall be paid from the Settlement Fund, at the direction of Class Counsel and subject to the Defendant's approval [ECF No. 84-3 §§ 5.1–5.2].

11. Anyone who objects to the Settlement, or any aspect of it, must submit a written objection to Class Counsel, postmarked no later than **July 6, 2026**, which includes the following information:

    a) the case name and number of this Lawsuit;

    b) the objector's full name, current residential address, mailing address (if different from residential address), telephone number, and e-mail address;

    c) an explanation of the factual basis upon which the objector claims to be a Settlement Class Member;

    d) an explanation of the objection, including the legal and factual bases and copies of any documents supporting the objection;

    e) the name and address of each lawyer (if any) who is representing the objecting Settlement Class Member, or who may seek or claim entitlement to compensation for any reason in connection with the objection;

    f) a statement as to whether the objector intends to appear at the Final Approval Hearing either individually or through counsel;

    g) the full name, telephone number and address of all counsel (if any) who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement;

    h) the identity of all counsel (if any) who will appear on behalf of the objector at the Fairness Hearing;

    i) a list of all persons who will or may offer testimony in support of the objection; and

    j) the objector's signature and date of signature.

12. Any objection that is not timely submitted to Class Counsel will not be considered by the Court, absent a showing of good cause as determined by the Court. If the Court determines that good cause exists to allow an untimely objection, the Parties shall have an opportunity to respond to the objection.

13. On or before **August 5, 2026**, Class Counsel shall provide the Court with copies of all objections and other written communications by filing them as a single, compiled submission on then docket, broken down by exhibits/attachments as necessary to organize the materials properly.

14. On or before **August 28, 2026**, the parties shall jointly file with the Court a Motion for Final Approval, which must meaningfully address any objections received with reference to the docketed materials as noted in par. 13 above.

15. On or before **March 27, 2026**, if not already performed, Defendant's counsel shall send notice of the proposed settlement to the appropriate state and federal officials, including the United States Attorney General and the Attorney General for the State of Florida.  Each such notice shall contain all of the information required under 28 U.S.C. § 1715.  On or before **September 11, 2026**, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

16. The parties shall file their Motion for Attorneys' Fees on or before **April 6, 2026**.

17. The Court will conduct a Final Approval Hearing on **September 18**, **2026, at 10 a.m.**  At that Final Approval Hearing, the Court will review, and rule on, the following issues:

    a) Whether this matter should be finally certified as a class action for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(1);

    b) Whether the settlement should be approved as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e);

    c) Whether this Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

    d) Whether the Settlement Class should be bound by the releases set forth in the Settlement Agreement;

6

e)  Whether the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved under Federal Rule of Civil Procedure 23(h); and

f)  Any other issues the Court deems appropriate.

18. Attendance by Settlement Class Members at the Final Approval Hearing is not necessary. Settlement Class Members need not appear at the Hearing or take any other action to indicate their approval of the proposed class action settlement.  Any Settlement Class Members who wish to be heard, however, must appear at the Final Approval Hearing.  The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class.  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to the respective positions they occupied immediately before the Court entered this Order, if the Settlement is not finally approved by the Court or does not become final for any other reason.

19. The Court retains continuing and exclusive jurisdiction over this Lawsuit to consider all further matters arising out of or connected with the settlement, including the administration and enforcement, except as modified by future Court order.  To facilitate the orderly and efficient administration of this case, the Court hereby sets the following schedule:

| | |
|---|---|
| **March 17, 2026:** | Preliminary Approval Order Entered |
| **March 27, 2026:** | Defendant's counsel shall send notice of the proposed settlement to the appropriate state and federal officials (if not already done) |
| **April 6, 2026:** | Class Counsel's Motion for Attorneys' Fees, Costs, and Expenses |
| **April 7, 2026:** | Class Counsel shall provide notice of the proposed Settlement Agreement and the Settlement Fairness Hearing to all Settlement Class Members |

CASE NO. 23-81314-CIV-CANNON/Reinhart

**July 6, 2026:**      Deadline for Objections

**August 5, 2026:**      Class Counsel dockets objections received.

**August 28, 2026:**      Parties file Motion for Final Approval, addressing any objections and all other legal/factual issues.

**September 11, 2026:** Parties shall file a report with the Court confirming that notices required under 28 U.S.C. § 1715 were timely sent.

**September 18, 2026:** Final Approval Hearing (10 a.m.)

      **ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of March 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

8